972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Bruce MATHIS, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 92-1233.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 11, 1992.
Filed: August 20, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bruce Mathis, an Arkansas prisoner, appeals from the magistrate judge's[1] order denying his petition filed under 28 U.S.C. § 2254. We affirm.
 
 
 2
 In January 1985, Mathis was arrested and charged with the rape of a six-year-old girl. He was charged as a habitual offender because of his prior convictions. In Arkansas, rape carries a sentence of 10 to 40 years, or life; for a habitual offender, the range is 20 to 60 years, or life. See Ark. Code Ann. §§ 5-4-401(a)(1), 5-4-501(a)(1) (1987). Mathis rejected the State's offer to allow him to plead guilty as a non-habitual offender with a forty-year sentence recommendation.
 
 
 3
 During voir dire at Mathis's rape trial, a prospective juror stated that he would give Mathis the maximum sentence, even if it were death. After the juror was excused, Mathis decided to plead guilty and was sentenced to forty years imprisonment as a habitual offender. Mathis's subsequent habeas petition was narrowed to three issues: (1) whether his guilty plea was involuntary because he was misled as to the possible length of his sentence, was not informed of the effect of being sentenced as a habitual offender, and was more susceptible than most to being coaxed into a guilty plea; (2) whether appointed defense counsel had a conflict of interest because he previously had associated with or represented the child's mother and stepfather; and (3) whether counsel was ineffective for being unprepared for trial, and specifically, for failing to subpoena the child's stepfather to testify that Mathis was so intoxicated the day of the incident that he did not know what he was doing. After holding an evidentiary hearing, the magistrate judge denied Mathis's petition. This appeal followed.
 
 
 4
 Mathis reasserts that his plea was involuntary. He adds that he believed he was pleading guilty to rape as a non-habitual offender, which would have given him earlier parole eligibility. We will not disturb the magistrate judge's findings-that Mathis understood the sentence range and the consequences of pleading guilty, and that he pleaded guilty to avoid a life sentence-unless they are clearly erroneous. See Cox v. Lockhart, No. 91-1481, slip op. at 4-5 (8th Cir. July 16, 1992). Upon our careful review of the record, we conclude that these findings were not clearly erroneous. We note that parole eligibility is the same for a defendant who is sentenced to forty years imprisonment for rape, whether he is sentenced as a habitual or non-habitual offender. See Ark. Code Ann. §§ 5-14-103(b), 16-93-607(c)(3) (1987).
 
 
 5
 We agree with the magistrate judge that Mathis did not show there was an actual conflict of interest, and that Mathis also has not shown how any conflict affected counsel's performance. Salam v. Lockhart, 874 F.2d 525, 527-28 (8th Cir.), cert. denied, 493 U.S. 898 (1989). Finally, we reject as meritless Mathis's ineffective-assistance claim, because he did not establish that any of counsel's alleged deficiencies caused him to plead guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985).
 
 
 6
 In light of the disposition of this case, we deny appellee's motion for a remand to clarify certain discrepancies in two different transcripts of Mathis's guilty plea.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition under 28 U.S.C. § 636(c)